**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4013**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOBY PAINTER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:19-cr-00019-D-1)

Submitted:  October 28, 2021                                      Decided:  January 13, 2022

Before GREGORY, Chief Judge, MOTZ, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Sharon Leigh Smith, UNTI & SMITH, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Toby Painter appeals his conviction and 240-month sentence imposed following his guilty plea to enticement of a minor, in violation of 18 U.S.C. § 2422(b). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court correctly calculated Painter's advisory Sentencing Guidelines range and whether sentencing counsel rendered ineffective assistance by failing to raise certain arguments during the sentencing hearing. Painter did not file a pro se supplemental brief despite being notified of his right to do so. The Government moves to dismiss this appeal as barred by the appellate waiver contained in Painter's plea agreement. We affirm in part and dismiss in part.

Where, as here, the Government seeks to enforce an appeal waiver and Painter has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within the scope of the waiver. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). Painter does not contest that he knowingly and intelligently waived his right to appeal, *see id.*, and our review of the plea hearing leads us to conclude that Painter's guilty plea was knowing and voluntary, and the waiver is valid and enforceable. Painter's challenge to his sentence falls squarely within the waiver's scope. We therefore grant the Government's motion to dismiss that portion of the appeal.

Painter's ineffective assistance claim, on the other hand, falls outside the scope of the appellate waiver provision. However, we will not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Based

on our review of the present record, we conclude that ineffective assistance of counsel is not apparent on the face of the record. We therefore decline to review this claim on direct appeal and also dismiss this portion of the appeal.[*] Finally, we have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver. Accordingly, we grant the Government's motion to dismiss as to the claims foreclosed by the appellate waiver, dismiss the appeal as to Painter's claim of ineffective assistance of counsel, and affirm the remainder of the district court's judgment.

This court requires that counsel inform Painter, in writing, of the right to petition the Supreme Court of the United States for further review. If Painter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Painter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[*] This claim should be raised, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 to permit sufficient development of the record. *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1051 (2021).